ELIZABETH T. MUSICK
Musick Law Firm, PLLC
P.O. Box 726
Bozeman, MT 59771
elizabeth@mtlawpllc.com
Telephone: (406)579-9481

*Counsel for Airian Mariah Russette*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

**\*\*\*\***

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR-24-46-GF-BMM |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| AIRIAN MARIAH RUSSETTE, | ) | **MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Airian Russette, the above-named Defendant, by and through her counsel of record, Elizabeth T. Musick, comes before the Court for sentencing on Count 4 – False Statement During Firearms Transaction, in violation of 18 U.S.C. § 922(a)(6). Sentencing is currently set before this Court for March 19, 2025, at 1:30 p.m.

As to this charge, Ms. Russette faces a sentence of up to ten (10) years imprisonment, a fine of $250,000, and up to three (3) years supervised release.

Ms. Russette's criminal history category is I.  Based upon the offense level computation and Ms. Russette's criminal history category at issue in this case, the United States Probation Officer has calculated an advisory Guideline Range of ten (10) to sixteen (16) months (Total Adjusted Offense Level 12; Criminal History Category I).  Ms. Russette has been released throughout the court process, and she has eight (8) days of credit for time spent in custody.

## ARGUMENT

Ms. Russette asserts that pursuant to Title 18 U.S.C. § 3553(a) factors, a downward variance to a sentence of three (3) years of probation is the appropriate sentence in her case, and she respectfully requests that the Court sentence her accordingly.

### A.     Mitigating Factors Under Title 18 U.S.C. § 3553(a).

### i.     Collateral Consequences on Innocent Minor Children.

Ms. Russette is the mother of three children: Rayden, age 13; Maksyn, age 11; and Aunoni, age 4.  PSR ¶¶ 36-37.  Ms. Russette gave birth to her eldest child, Rayden one week after her eighteenth birthday.  PSR ¶ 15.  Ms. Russette's first two children are with a former partner, Michael Morsette, and she maintains full custody of them.  PSR ¶ 36.  Despite being court ordered to pay $200 per month in child support, Mr. Morsette has provided Ms. Russette with no financial assistance for their children since 2022.  *Id*.  Ms. Russette's husband, Austin Valencia, is the father

to her youngest child, Aunoni.  PSR ¶ 37.  Mr. Valencia helps to provide financial support, along with Ms. Russette, for all three of her children.

Despite the fact that Ms. Russette has struggled with addiction since the young age of 13, she abstained from alcohol and drugs during all of her pregnancies.  PSR ¶ 15.  She maintained sobriety during these periods for the benefit of her children's' health, stating "I wasn't stupid or selfish enough to harm my children."  *Id.*  It is clear that Ms. Russette is a good parent, who cares deeply for the well-being of her children.  The Court can consider factors such as evidence of good parentage as a mitigating factor under § 3553(a) when imposing a sentence.  See *United States v. Pauley*, 511 F.3d 468 (4th Cir. 2007)(Where the Court of Appeals affirmed a downward variance in part because defendant was a "good parent.").

If the Court were to impose a custodial sentence for Ms. Russette and sentence her to a duration of time in the custody of the Bureau of Prisons, Mr. Valencia would be left alone to attempt to care for his two step-children and his biological child. Due to the young ages of their children, it would be incredibly difficult for Mr. Valencia to maintain employment while also caring for a four-year-old, ten-year-old, and thirteen-year-old child.  Without full-time employment, Mr. Valencia would not have the financial resources necessary to support these three innocent children.

Ms. Russette's children had nothing to do with the instant matter before the Court, yet if Ms. Russette is sentenced to the custody of the BOP, three children will

lose their mother and their caregiver. As explained above, Mr. Valencia would not be able to adequately care for and provide financial support for three children without the assistance of Ms. Russette, if she is sentenced to the custody of the BOP; therefore, the collateral consequences for three innocent minor children., are quite severe. For this reason, a downward variance is warranted.

### ii.     Ms. Russette has no other criminal history, other than the instant offense.

In *United States v. Autery*, the Ninth Circuit Court of Appeals upheld a downward variance from a guideline range of forty-one to fifty-one months to a sentence of five years of probation, in part, because the Defendant had a criminal history category of zero, which the Court determined "did not fully account for his complete lack of criminal history" because Criminal History Category I can also include defendants with minor history and a criminal history score of one. *United States v. Autery*, 555 F.3d 864, 875 (9th Cir. 2009).

Ms. Russette has a criminal history score of zero. PSR ¶ 30. This places her at a Criminal History Category I. Other than the instant offense, she has never been arrested, detained, or investigated for any other matters. PSR ¶¶ 26-33. Thus, Ms. Russette is much like the Defendant in *Autery*, in that she not only has a Criminal History Category of I, but she also has a complete lack of criminal history, which is a mitigating factor in her favor.

### iii. Ms, Russette has been on pretrial release while her case has been pending, and she has had no violations, which means that she is unlikely to reoffend.

Ms. Russette's arraignment in this matter was on September 10, 2024.  PSR ¶ 3.  Ms. Russette has been on pretrial supervision for the duration that her case has been pending, including after her Change of Plea Hearing on November 13, 2024. PSR ¶¶ 3-4.  She has complied with all release conditions while her case has been pending, including remaining law-abiding and refraining from substance use. *Id.*

Proof of compliance with pretrial conditions can be considered by the Court as a mitigating factor under § 3553(a), and the Court can also consider that as evidence that the defendant is unlikely to reoffend.  See *United States v. Munoz-Nava*, 524 F.3d 1137(10th Cir. 2008)(Where Defendant's guideline range was 47-56 months in a drug case, and the District Court varied downward to one year and one day in custody, with one year of home detention to follow because Defendant's behavior while on pretrial release was exemplary, which demonstrated to the Court that the Defendant was unlikely to reoffend.).

Any time spent in the custody of the Bureau of Prisons will not increase the likelihood that Ms. Russette will remain law abiding moving forward.  Additionally, Ms. Russette has proven to the United States Probation Office that she would be an exemplary candidate for a probationary sentence, rather than a custodial sentence. Ms. Russette has demonstrated that an in-custody sentence is not appropriate, nor

will it benefit her or her three minor children. For this reason, a downward variance is warranted.

## **CONCLUSION**

Ms. Russette prays that the Court will consider this memorandum in imposing a sentence of three (3) years of probation.

DATED this 5th day of March, 2025.

AIRIAN MARIAH RUSSETTE


By: /s/ Elizabeth T. Musick
ELIZABETH T. MUSICK

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, a copy of the foregoing document was serviced on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM-ECF |
| | Hand Delivery |
| | Mail |
| | Overnight Delivery Service |
| | Fax |
| 3 | E-Mail |

1.    CLERK, UNITED STATES DISTRICT COURT

2.    PAULETTE STEWART
      Assistant U.S. Attorney
      *Counsel for Plaintiff*

3.    AIRIAN MARIAH RUSSETTE
      c/o Elizabeth T. Musick
      *Defendant*

                                        /s/ Elizabeth T. Musick
                                        ELIZABETH T. MUSICK