**PAULETTE L. STEWART**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**901 Front Street, Suite 1100**
**Helena, MT 59626**
**Phone: (406) 457-5120**
**FAX: (406) 457-5130**
**E-mail: paulette.stewart@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 24-46-GF-BMM-03** |
| **Plaintiff,** | |
| **vs.** | **RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| **AIRIAN MARIAH RUSSETTE,** | |
| **Defendant.** | |

The United States of America, represented by Assistant U.S. Attorney Paulette L. Stewart, files response to the defendant's sentencing memorandum (Doc. 88) in anticipation of the March 19, 2025, sentencing hearing.

*Everyone agrees that buying two pistols for your drug dealer is a REALLY bad idea*.

1

## INTRODUCTION

Airian Mariah Russette pleaded guilty to the crime of false statement during a firearms transaction. The advisory guideline range (total offense level 12 and a criminal history category I) is 10 to 16 months and is not disputed. The statutory maximum for the crime of false statement during a firearms transaction is 10 years. Upon review of the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States recommends five-year probationary sentence with six months of home confinement. The defendant has requested a downward variance to three years of probation. See Doc. 88.

## THE 3553(a) SENTENCING FACTORS

### A.    The Offense

On March 27, 2024, Russette straw-purchased two firearms from North 40 Outfitters in Havre, Montana, and traveled back to Box Elder, Montana where she traded them to co-defendant Melody Bernard for four oxycodone pills. PSR ¶ 10.

On March 28, 2024, two Native American males were shot to death at the D&L Bar near Box Elder. Further investigation conducted several hours later resulted in seizure of the two firearms the defendant purchased for Bernard, and the firearms were found in the possession of the homicide suspects. PSR ¶ 11.

Russette admitted to law enforcement that she lied on the ATF Form 4473 to straw-purchase the firearms for Bernard in exchange for narcotics. They were

identified as a .380 caliber semi-automatic Ruger Security .380 pistol (serial number 386-83532) and a 9mm semi-automatic Smith & Wesson SD9 2.0 pistol 9 (serial number EFC2190). The pistols were not manufactured in the State of Montana; therefore they affected interstate commerce. PSR ¶ 12.

### B.       Russette's History and Characteristics

Russette is a 31-year-old Native American woman with no scored criminal history points when she committed the instant offense. PSR ¶¶ 29-30.

The defendant grew up in Box Elder with three siblings, who are now 28, 24 and 20. Their mother struggled with drug addiction and abandoned the family in 2007. The defendant was left to raise one of her siblings while her other siblings were sent to their grandmothers. After months of neglect, Child Protective Services eventually intervened, and the defendant was placed with her paternal grandmother. PSR ¶ 35.

Russette has two children with Michael Morsette, ages 13 and 11. In 2020, the defendant married her current spouse, Austin Valencia. They have one daughter, age four. In 2021, she suffered a miscarriage at seven months which causes her depression. PSR ¶ 36-37.

The defendant is not currently under the care of a physician or taking any prescription medications. She has permanent nerve damage from an accident when she was a child and suffers constant physical pain. PSR ¶ 41.

Russette experienced significant trauma in her youth. She was sexually touched by a stranger at a swimming pool when she was very young. She was also subjected to physical and mental abuse throughout her childhood and felt abandoned by her mother who left the family to use narcotics. She attempted suicide in 2007 after her parents' relationship dissolved. PSR ¶¶45-46.

Hospital records from Northern Montana Hospital reflect a diagnosis from 2008 of adjustment disorder with mixed anxiety and depression. In 2010, she overdosed on a tricyclic antidepressant and was referred to outpatient psychotherapy. Records from Indian Health Services reflect a diagnosis of adjustment disorder, major depressive disorder co-occurrent with anxiety. PSR ¶¶ 49-50.

The defendant first used alcohol and marijuana at age 13. By age 15, she was using both daily she continued to use both through her first pregnancy and into her 20's. She last used both alcohol and marijuana in 2023. She abused prescription narcotics weekly from 2007 to 2022 and used methamphetamine weekly from 2009 to 2013 and then daily from 2013 to 2018. She has used cocaine and heroin on a couple of occasions prior to 2019. Since 2024, Russette has attended outpatient substance abuse treatment at White Sky Hope Center in Rocky Boy's. An evaluation at White Sky in 2024 diagnosed the defendant with severe opioid use disorder. PSR ¶¶ 51-53, 56.

Russette attended primary and secondary school in Box Elder through the ninth grade. She earned her GED in 2012. She earned an associate's degree in liberal arts at Stone Child College in 2022. PSR ¶ 58.

Starting in 2015, the defendant worked in various positions, including at Walmart, Bear Paw Energy, and the Northern Winz Casino. She worked as a tutor and archiving records for Stone Child College from December 2021 through March 2023. During the summer of 2023, she supervised children at Rocky Boy's tribal summer youth employment program. Russette also worked as a paraprofessional and substitute teacher for the Box Elder Schools for a month in 2024. Since January 2025, she has worked at Walmart in Havre earning $14 per hour. PSR ¶¶ 62-66.

It appears that the defendant does not have the ability to pay a fine within the guideline range. PSR ¶ 73.

## CONCLUSION

Section 3553(a) of Title 18 of the United States Code contains a list of factors courts consider in imposing a sentence. The list is preceded by what has become known as the parsimony principle, requiring courts to "impose a sentence sufficient, but not greater than necessary, to comply with" four identified purposes – just punishment, deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(a)(2). To meet this requirement, the statute directs courts to consider the nature and circumstances of the offense and the history and characteristics of the

defendant, as well as "the need for the sentence imposed" to meet the four overarching aims of sentencing. § 3553(a)(1). Additionally, the court must consider the kinds of sentences available, the sentencing guidelines and policy statements, and unwarranted sentencing disparities, and restitution to the victim. § 3553(a)(1), (3)–(7).

When evaluating the nature and circumstances of Russette's specific offense, in conjunction with her history and characteristics, including her criminal history, a five-year probationary sentence with six months of home confinement satisfies all the § 3553(a) criteria and constitutes a sufficient but not greater than necessary sentence. Further, such a sentence will adequately reflect the seriousness of her offense, promote respect for the law, afford adequate deterrence to similar criminal conduct, protect the public from any further criminal conduct by Russette.

The proposed conditions of mental health and substance abuse testing and treatment will ensure the defendant maintains her positive progress of sobriety. See PSR ¶¶ 92-96. Revocation of her probationary sentence would result in the Court's ability to return to the undisputed advisory guideline range for revocation disposition.

/ / /

/ / /

/ / /

6

DATED this _____ day of March, 2025.

TIMOTHY J. RACICOT
Acting United States Attorney

*/s/ Paulette L. Stewart*
PAULETTE L. STEWART
Assistant U. S. Attorney